Argued April 7, affirmed April 19, 1977

OLLMAN et ux, *Respondents,*

*v.*

ACTIVE HOMES, INC. et al, *Appellants.*

(TC 19888, SC 24325)

OLLMAN et ux, *Respondents,*

*v.*

GASKILL et al, *Appellants.*

(TC 19072, SC 24325)

562 P2d 1217

Hayes Patrick Lavis, Astoria, argued the cause for appellants. With him on the brief were Anderson, Fulton, Lavis & Van Thiel, Astoria.

Walter H. Grebe, Portland, argued the cause for respondents. With him on the brief were Anderson, Hall, Lowthian, Gross & Grebe, Portland.

Before Denecke, Chief Justice, and Howell, Lent and O'Connell, Justices.

O'CONNELL, J., Pro Tempore.

**O'CONNELL, J.,** Pro Tempore.

This is a suit in equity in which plaintiffs seek to recover the value of their interests as stockholders in Active Homes, Inc. Defendants Stephen and Lotus Gaskill and Active Homes, Inc. appeal from a decree awarding plaintiffs a one-half interest in the corporation.

The pivotal question in this suit relates to the nature of the agreement between the Ollmans and the Gaskills at the inception of the formation of Active Homes, Inc.

Plaintiffs contend that it was agreed between Vernon Ollman and Stephen Gaskill that Ollman was to get 50 percent of the stock in the corporation as consideration for his contribution in the form of his "know how" as a real estate agent, and as a contractor, developer and operator of real estate properties in the state of Washington. Plaintiffs also contend that Ollman's substantial net worth was an additional factor in giving him a 50 percent stock interest in the corporation. Defendants contend that initially it was agreed that Ollman was to receive a 50 percent interest if he produced capital in the amount of $25,000; that this amount was later reduced to $15,000, but that Ollman could not raise either amount and as a consequence of plaintiffs' nonperformance the agreement was no longer in effect. Plaintiffs counter with evidence that Ollman did not agree to produce either $25,000 or $15,000, but that it was mutually agreed that the capital would be borrowed by the corporation and both Ollman and Gaskill would sign as guarantors on the loan.

The evidence marshaled by each side, if believed, provides a plausible basis for either plaintiffs' or defendants' version of the agreement. This being so, the case turns on the question of the credibility of the witnesses. As we have frequently said, in reviewing evidence de novo considerable weight is to be given to

the trial judge's decision where it rests upon his appraisal of the credibility of the witnesses. Adopting the trial judge's appraisal of the witnesses in this case, we hold that plaintiffs produced sufficient evidence to establish an agreement under which they were to have a 50 percent interest in Active Homes, Inc. They were, therefore, entitled to the relief granted to them by the decree.

Decree affirmed.